# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL MESSER,<br><br>        Plaintiff,<br><br>  v.<br><br>L. METTRY, et al.,<br><br>        Defendants. | 1:13-cv-01068-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### First Screening Order

**I.    Screening Requirement and Standard**

Plaintiff Cecil Messer ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff initiated this action on July 12, 2013. Plaintiff's amended complaint, filed on January 10, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**II.     Plaintiff's Allegations**

Plaintiff currently is housed at the Beckley Federal Correctional Institution in Beaver, West Virginia. The events alleged in his complaint occurred while Plaintiff was housed at the

2

1  United States Penitentiary Atwater ("USP-Atwater") in Atwater, California.  Plaintiff names the
2  following defendants:  (1)  United States of America; (2) L. Mettry, Administrator of Health
3  Services Department USP-Atwater; and (3) Irene Ahlstrom, BOP Administrator of the West
4  Coast Pharmacy Doctors (located in the Federal Correctional Institution ("FCI") in Phoenix,
5  Arizona).
6       Plaintiff alleges as follows:  In February 2010, Plaintiff was diagnosed with "Esophageal
7  Reflux" by doctors at USP Coleman I.  The illness causes stomach ache, acid reflux and irritation
8  of the throat and other organs.  Plaintiff was prescribed Zantac 150 MG TB, which was increased
9  to 300 MG TB of Renitidine HCI.  The doctors instructed Plaintiff to use this medicine daily to
10  combat his stomach condition and Plaintiff was included with the "Chronic Care Clinic
11  Patients."
12       On or about July 2011, Defendant L. Mettry refused to continue serving Plaintiff with
13  any of these medications, even when Plaintiff was claiming that his stomach condition was
14  worse and he could not sleep well.  Plaintiff wrote many requests for the medication to
15  Defendant Mettry. The physician assistant assigned to Plaintiff by USP-Atwater, Rodrigo Ogues,
16  approved Plaintiff's medications a number of times, but the orders were rejected by Defendants
17  Irene Ahlstrom and L. Mettry.
18       Plaintiff asked Defendant Mettry why she was depriving Plaintiff of his medications.
19  Defendant Mettry said, "Go buy it by yourself from the Commissary!"  (ECF No. 9, p. 2.)
20  Plaintiff then demonstrated that he was a chronic care patient.  Defendant Mettry did not care.
21       Plaintiff was at USP-Atwater for about 28 months, but the institution only provided his
22  medication for thirty days.  Plaintiff went more than six month without receiving any of his
23  medication.
24       Plaintiff claims that Defendant Irene Ahlstrom also was directly responsible for the
25  failure to receive medicine.  Defendant Mettry told Plaintiff, "I double checked with my
26  supervisor Irene Ahlstrom of the Phoenix Pharmacy Department, and she told me the same.  You
27  have to buy those medicines by yourself in the commissary."  Plaintiff contacted Defendant Irene
28

Ahlstrom directly through Mr. Ogues and asked about receiving the medication. Defendant Irene Ahlstrom refused to provide Plaintiff with his medications.

Plaintiff asserts an Eighth Amendment claim for deliberate indifference to serious medical needs. He also asserts a claim under the Federal Tort Claims Act. He requests compensatory and punitive damages.

### III. Discussion

#### A. Federal Tort Claims Act

"The United States is the only proper defendant in a [Federal Tort Claims Act] action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The United States is not liable under the Federal Tort Claims Act ("FTCA") for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 44, 126 S.Ct. 510, 511 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to the plaintiff by the United States "must be found in California state tort law." Delta Saving Banks, 265 F.3d at 1025. Plaintiff, in a conclusory statement, alleges that California guaranteeing appropriate medical attention to prisoners has been violated.

However, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Plaintiff fails to allege in his complaint that he presented a claim to the appropriate federal agency.

#### B. Eighth Amendment Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d

4

1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs. Plaintiff was repeatedly informed that medication was available in the commissary. There is no indication that Plaintiff could not obtain the medication through the commissary or that he even attempted to obtain the medication through the commissary. There also is no indication that prison officials refused to make such medication available to prisoners in the commissary. In short, Plaintiff has failed to allege that prison officials were deliberately indifferent to a serious medical need.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim. However, the Court will provide Plaintiff with the opportunity to file a second amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

5

U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a cognizable claim.
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **June 12, 2014**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE