# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL MESSER, | 1:13-cv-01068-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| L. METTRY, et al., | |
| Defendants. | |

**I.   Screening Requirement and Standard**

Plaintiff Cecil Messer ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff initiated this action on July 12, 2013.  On June 12, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend.  Plaintiff's second amended complaint, filed on July 14, 2014, is currently before the Court for screening.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

---

[1] Plaintiff also filed a notice of typographical errors on September 8, 2014. (ECF No. 12, pp. 3-4.)  As appropriate and necessary, the Court's order reflects the corrected statements.

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

///

**II.      Plaintiff's Allegations**

Plaintiff currently is housed at the Beckley Federal Correctional Institution in Beaver, West Virginia.  The events alleged in his complaint occurred while Plaintiff was housed at the United States Penitentiary Atwater ("USP-Atwater") in Atwater, California.  Plaintiff names the following defendants:  (1) L. Mettry, Administrator of Health Services Department USP-Atwater; and (2) Irene Ahlstrom, BOP Administrator of the West Coast Pharmacy Doctors (located in the Federal Correctional Institution ("FCI") in Phoenix, Arizona).

Plaintiff alleges as follows:  In February 2010, Plaintiff was diagnosed with "Esophageal Reflux" by doctors at United States Penitentiary Coleman I.  The illness causes stomach ache, acid reflux and irritation of the throat and other organs.  Plaintiff was prescribed Zantac 150 MG TB, which was increased to 300 MG TB of Renitidine HCI in January 2011.  The doctors instructed Plaintiff to use this medicine daily to combat his stomach condition and Plaintiff was included with the "Chronic Care Clinic Patients."

On or about June 28, 2011, Plaintiff arrived at USP-Atwater.  During his medical intake, a thirty-day prescription for Ranitidine 300 MG was issued for Plaintiff's reflux disorder.  On July 6, 2011, Dr. Jon F. Franco reaffirmed and documented Plaintiff's status as a Chronic Care patient.

In July 2011, Defendant L. Mettry refused to continue serving Plaintiff with any of these medications, even when Plaintiff was claiming that his stomach condition was worse and he could not sleep well.  Plaintiff wrote many requests for the medication to Defendant Mettry. The physician assistant assigned to Plaintiff by USP-Atwater, Rodrigo Ogues, approved Plaintiff's medications a number of times, but the orders were rejected by Defendants Irene Ahlstrom and L. Mettry.

Plaintiff asked Defendant Mettry why she was depriving Plaintiff of his medications. Defendant Mettry said, "Go buy it by yourself from the Commissary!"  (ECF No. 9, p. 2.) Plaintiff then demonstrated that he was a chronic care patient.  Defendant Mettry did not care. Plaintiff was at USP-Atwater for about 28 months, but the institution only provided his

1 medication for thirty days.  Plaintiff went more than six months without receiving any of his
2 medication.

3 On or about August 30, 2011, Plaintiff was scheduled for a medical appointment with
4 Rodrigo Ogues.  Mr. Ogues noted, "Needs EGD for his Chronic Epigastic [sic] pain, which is
5 usually relieved by Zantac."  (ECF No. 11, ¶ 21.)

6 On that same day, Defendant Irene Ahlstrom indicated that the prescriptions for
7 Ibuprofen and Ranitidine were unable to be processed.

8 On December 21, 2011, Plaintiff was taken to a facility in Merced, California for the
9 purpose of extracting tissue samples from his stomach.  On December 23, 2011, Plaintiff was
10 provided with two different medications for the treatment of his stomach disorder.

11 On April 9, 2013, Plaintiff again was transported to Merced for the purpose of extracting
12 tissue samples from his stomach.

13 Plaintiff alleges that Defendant's Ahlstrom and Mettry were directly responsible for his
14 failure to receive medication necessary for the proper treatment of his esophageal reflux disorder.

15 Plaintiff was prescribed Ranitidine by Rodrigo Ogues, but Defendant Mettry informed
16 Plaintiff, "I double checked with supervisor Irene Ahlstrom of the Phoenix Pharmacy
17 Department, and she told me the same.  You have to buy those medicines by yourself in the
18 commissary."  (ECF No. 11, ¶ 27.)

19 Plaintiff asserts claims under the Eighth and Fifth Amendments to the United States
20 Constitution.  He also asserts a claim for breach of a non-delegable fiduciary duty.  He requests
21 compensatory and punitive damages, along with a declaratory judgment.

**III.     Discussion**

**A.  Eighth Amendment Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

4

result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096; <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. <u>Simmons v. Navajo County, Arizona</u>, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." <u>Simmons</u>, 609 F.3d at 1019; Toguchi v Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs. Plaintiff was repeatedly informed that generic Zantac/Ranitidine and ibuprofen medications were available in the commissary. (ECF No. 11, p. 43, 44, 46, 51.) There is no indication that Defendants actively prevented Plaintiff from securing such medications from the commissary. There also is no indication that Plaintiff could not obtain the medication through the commissary or that he even attempted to obtain the medication through the commissary. Plaintiff's own exhibits reflect that even indigent patients could obtain commissary medications upon request. (<u>Id.</u>) In short, Plaintiff has failed to allege that prison officials were deliberately indifferent to a serious medical need.

**B.  Fifth Amendment**

The Fifth Amendment forbids the federal government from depriving any person of life, liberty, or property without due process of law. <u>Bloom v. State of Ill.</u>, 391 U.S. 194, 195, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). Plaintiff has not stated a cognizable claim due process claim based on deprivation of life, liberty or property. As noted above, Defendants informed Plaintiff that he could obtain his medications from the commissary. There is no indication that Defendants took any actions to prevent Plaintiff from obtaining those medications from the commissary. In other words, Defendants did not deprive Plaintiff of any medications.

///

**C. Breach of Fiduciary Duty**

Insofar as Plaintiff seeks to bring a suit for breach of fiduciary duty or negligence claim, he may not do so.  A negligence or tort claim is not a basis for relief under Bivens.  Petty v. Shojaei, 2013 WL 5890136, * 3, n. 3 (C.D. Cal. Oct. 31, 2013) (adopting findings and recommendations); Garcia-Godoy v. Doe, 2013 WL 5519511, *3 (D. Ariz. Oct. 3, 2013); Marrero v. Rose, 2013 WL 2991295, *7 (E.D. Cal. Jun. 14, 2013).  However, such claims may be brought under the Federal Tort Claims Act.

"The United States is the only proper defendant in a [Federal Tort Claims Act] action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The United States is not liable under the Federal Tort Claims Act ("FTCA") for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 44, 126 S.Ct. 510, 511 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to the plaintiff by the United States "must be found in California state tort law." Delta Saving Banks, 265 F.3d at 1025.

A suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).  Plaintiff fails to allege in his second amended complaint that he presented a tort claim to the appropriate federal agency.  Plaintiff also does not name the United States as a defendant.

**IV.    Conclusion and Order**

Plaintiff's second amended complaint fails to state a cognizable claim.  Despite being provided with the relevant pleading standards, Plaintiff has been unable to cure the deficiencies

in his complaint and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).   Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable section 1983 claim.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **October 14, 2014**         /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE